UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK CANADY,

                      Plaintiff,

            v.

UNIVERSITY OF ROCHESTER and
1199 SEIU HEALTHCARE WORKERS EAST,

                      Defendants.
_____

DECISION & ORDER

13-CV-6290L
14-CV-6264L

        Currently pending before the Court are motions filed by the defendant University of Rochester (the "University"), which are joined by the defendant 1199 SEIU United Healthcare Workers East (the "Union"), to consolidate the above-captioned cases.  (13-CV-6290, Docket ## 31, 35; 14-CV-6264, Docket # 20).[1]  Plaintiff Mark Canady ("Canady"), who represents himself in both cases, has not opposed the motions.  Considering the absence of any opposition and the advantages of consolidation, the University's motions are granted.

        On June 7, 2013, Canady filed a Complaint against the University and the Union under Title VII of the Civil Rights Act of 1964 alleging race discrimination.  (13-CV-6290 at # 1).  Canady's Complaint claims that the University discriminated against him on the basis of his race when it suspended him from his employment with the University and that the Union did not properly represent him on account of his race in connection with the disciplinary suspension.  (*Id.*).  On May 19, 2014, Canady filed a second Title VII race discrimination complaint against both defendants.  (14-CV-6264 at # 1).  On July 14, 2014, Canady filed an Amended Complaint

---

[1] The motions also seek to change the caption of the cases to correct the names of the defendants.  (*Id.*). That application is granted.

in that action. (14-CV-6264 at # 4). That Amended Complaint arises out of Canady's termination from employment with the University. (*Id.*). Defendants have filed Answers in both cases (13-CV-6290 at ## 10, 11; 14-CV-6264 at ## 7, 9), and this Court has set the same deadlines in both cases for filing motions to amend, completing fact discovery and filing dispositive motions (13-CV-6290 at # 26; 14-CV-6264 at # 15).

The University seeks to consolidate both cases for discovery and trial purposes on the grounds that the actions involve identical parties, similar claims of race discrimination under Title VII, and overlapping factual bases. (13-CV-6290 at # 31-2 at 4-6; 14-CV-6264 at # 20-2 at 4-6). Among other things, the University notes that Canady's suspension was purportedly resolved through an agreement between the University and the Union (representing Canady), which Canady alleges in his Complaint in the subsequent case that the University improperly relied upon in terminating his employment. (13-CV-6290 at # 31-1 at ¶¶ 11-12; 14-CV-6264 at # 20-1, ¶¶ 11-12). The University contends that discovery in both cases "will involve reviewing many of the same documents and interviewing and/or deposing many of the same individuals" and that motions if appropriate in one case will likely be appropriate in the other. (13-CV-6290 at # 31-1 at ¶¶ 13-14; 14-CV-6264 at # 20-1, ¶¶ 13-14)

I agree that consolidation of both cases is justified under Rule 42(a)(2) of the Federal Rules of Civil Procedure. Both cases involve common questions of law and fact – principally, whether the University and/or the Union illegally discriminated against Canady on the basis of his race in connection with the imposition of disciplinary employment action against him. *See* Fed. R. Civ. P. 42(a)(2). Considering the likely substantial factual overlap between the cases and the minimal risk of confusion or prejudice, this Court finds that consolidation will conserve the parties' resources, minimize burden to witnesses and further judicial economy. *See*,

*e.g.*, *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir.) ("[i]n the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation, [although] the discretion to consolidate is not unfettered") (internal citations omitted), *cert. denied*, 498 U.S. 920 (1990); *Richardson v. Michelin N. Am., Inc.*, 1998 WL 329387, *1 (W.D.N.Y. 1998) ("[t]he advantages of consolidation include cost and time savings for the parties, a more efficient use of judicial resources, diminished inconvenience for the witnesses and a reduced or eliminated risk of inconsistent adjudications of common questions of fact and law"). Canady, who has not opposed the pending motion, evidently does not disagree with the assessment of the benefits of consolidation in these cases.

Accordingly, the University's motions for consolidation (**13-CV-6290, Docket ## 31, 35; 14-CV-6264, Docket # 20**) are hereby **GRANTED**. The Clerk of the Court is directed to consolidate the matters and designate 13-CV-6290 as the lead case. All further filings shall be made under case number 13-CV-6290.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
June 9, 2015